IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAMAR C. CHAPMAN III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 5411 |
| | ) | |
| THE VILLAGE OF FRANKLIN PARK, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motions to dismiss. For the reasons stated below, we grant the motions to dismiss.

## BACKGROUND

Plaintiff Lamar C. Chapman III ("Chapman") alleges that on June 7, 2005, he went to a grocery store and that when he exited the store and proceeded to his car, he found officers Defendant Jason Ignus ("Ignus") and Defendant Patrolman Camp ("Camp") waiting by his car ("Car"). Ignus and Camp allegedly informed Chapman that they had a warrant for his arrest. Chapman claims that he was arrested and the Car was towed. According to Chapman, while he was being interrogated at the police station, Ignus, Camp, and Defendant Patrolman Konwinski ("Konwinski") left

1

the interview room and went to the tow yard and searched the Car. Chapman contends that he never gave permission for the Car to be searched.

According to Chapman, after approximately seven and a half hours of interrogation, Konwinski allegedly telephoned Defendant Timothy Martin ("Martin"), who is a sales and marketing employee of Defendant Motor Werks of Barrington, Inc. ("Motor Werks"). Chapman alleges that Martin appeared at the police station and lied to the officers present, telling them that Motor Werks held the title to the Car. Chapman contends that Motor Werks did not hold the title for the Car, but that an unidentified "third party" held the title to the Car. (A. Compl. Par. 52). Chapman further alleges that Defendants prepared a false police report indicating that Motor Werks held the title for the Car.

Chapman was allegedly held in jail overnight and was taken to court on June 8, 2005. Chapman allegedly learned in court that he was being charged with possession of a stolen motor vehicle. Chapman claims that on June 8, 2005, the state's attorney "*nollee* [sic] prosecuted the purported possession of the stolen motor vehicle and criminal trespass to a motor vehicle claim." (A. Compl. Par. 59)(emphasis in original). Chapman, however, allegedly continued to be held under a "fugitive 'warrant hold.'" (A. Compl. Par. 60). Chapman contends that he was held in a violent unit of the county jail and that while in the jail he was denied medication and denied access to a telephone to speak with a lawyer. Chapman was also allegedly confined in a cell with an inmate who was being treated for a contagious form of tuberculosis.

On April 26, 2006, Chapman was allegedly released on bond, but on June 12, 2006, the state prosecutor allegedly pursued the same charges against Chapman that had been previously dismissed. On November 13, 2006, Chapman's bond was allegedly summarily revoked and he was sent back to the county jail. Chapman states that on January 11, 2007, he was convicted for "criminal vehicle charges," (A. Compl. Par. 75), and sentenced to three years of incarceration. On April 3, 2007, Chapman was allegedly released from prison.

Chapman brought the instant action and includes in his amended complaint a claim brought pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a violation of his Fourth Amendment rights (Count I), a Fifth Amendment Section 1983 claim (Count II), an Eighth Amendment Section 1983 claim (Count III), a Fourteenth Amendment due process Section 1983 claim (Count IV), a Sixth Amendment Section 1983 claim (Count V), a Fourteenth Amendment equal protection Section 1983 claim (Count VI), a Section 1983 conspiracy claim (Count VII), an intentional infliction of emotional distress claim (Count VIII), and a false light invasion of privacy claim (Count IX). Defendant Village of Franklin Park ("Village") and Defendant Franklin Park Police Department ("Department") have moved to dismiss the claims brought against them. Konwinski and Camp (collectively referred to as "Defendant Officers") have also moved to dismiss the claims brought against them. Finally, Martin, Motor Werks, Defendant Motor Werks Partners, LP, and Defendant Paul Tamraz ("Tamraz") (collectively referred to as "Motor Werks Defendants") move to dismiss all claims brought against them.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any

conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I. Village Defendants' Motion

The Village, the Department, and Defendant Officers (collectively referred to as "Village Defendants") move to dismiss all claims brought against them.

### A. Claims Brought against the Department

Village Defendants argue that the Department is not an entity that can be sued under Section 1983. A plaintiff cannot pursue a Section 1983 claim against an Illinois sheriff's department that is a division of a municipal entity and thus does not have a separate legal existence from the municipal entity. *See, e.g., Wagner v. Washington County*, 493 F.3d 833, 835 (7th Cir. 2007)(stating that the plaintiff "actually named the sheriff's department instead of the county, but the department is

5

a division of the county and not a justiciable entity"); *Whiting v. Marathon County Sheriff's Dept.*, 382 F.3d 700, 704 (7th Cir. 2004)(stating that the plaintiff's "claims against the Sheriff's Department are also doomed" and "the Marathon County Sheriff's Department is not a legal entity separable from the county government which it serves and is therefore, not subject to suit").

In the instant action, Chapman has named as Defendants both the Village and the Department. Chapman argues that the court should not make factual findings regarding the Department. However, whether the Department is a suable entity can be addressed as a matter of law, and as indicated above, the Seventh Circuit's holdings indicate that the Department cannot be named separately as a Defendant. Chapman does not offer any legal support that shows that the Department is a suable entity. Therefore, we grant Village Defendants' motion to dismiss all claims brought against the Department.

### B. Unlawful Conviction and Imprisonment

Village Defendants argue that Chapman cannot prevail on a Section 1983 claim based on an unlawful conviction and imprisonment. A plaintiff is barred from bringing a Section 1983 "'claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon.'" *Hardrick v. City of Bolingbrook*, 522 F.3d 758, 761-62 (7th Cir. 2008)(quoting *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008)). A Section 1983

6

plaintiff thus cannot pursue a claim for wrongful conviction and imprisonment until the conviction has been reversed or vacated. *See, e.g., Newsome v. McCabe*, 256 F.3d 747, 749 (7th Cir. 2001)(indicating that such claims would not accrue until there was a pardon of the conviction). Chapman argues that at the motion to dismiss stage the court must accept as true his allegations and that the court thus cannot address the issue of his conviction at this juncture. (Ans. V. Dis. 10). However, Chapman does allege in his amended complaint that he was ultimately convicted of "criminal vehicle charges and sentenced to three (3) years in the custody of the Illinois Department of Corrections." (A. Compl. Par. 75); (Ans. M Dis. 5).

Chapman also argues in his answer to Village Defendants' motion that he "has made no allegations in his civil rights complaint regarding the propriety or circumstances of his state court conviction. . . . ." (Ans. V Dis. 10). However, it is clear from Chapman's amended complaint that he contends that not only was the arrest and imprisonment unlawful, but that his conviction was unlawful. Chapman, for instance, asserts that the state court acted improperly by "summarily" revoking his bond without according him a proper hearing, that Chapman was improperly denied an opportunity to present witnesses at his trial, and that the trial court failed to pick an appropriate jury. (A. Comp. Par. 71-73); (Ans. M Dis. 5).

In addition, Chapman's conviction does not bar a claim based on an unlawful arrest. *See Reynolds v. Jamison*, 488 F.3d 756, 772 (7th Cir. 2007)(stating that "[p]robable cause to arrest is an issue that is entirely distinct from sufficiency of evidence to convict" and that *Heck* is not properly relied upon to resolve a probable

7

cause issue). Therefore, we grant Village Defendants' motion to dismiss the Section 1983 claims as they relate to a claim of unlawful conviction and imprisonment.

### C. Section 1983 False Arrest Claims and Probable Cause

Village Defendants argue that Defendant Officers had probable cause since the officers acted pursuant to a federal bench warrant ("Warrant"). A showing of probable cause is "an absolute defense to a" Section 1983 false arrest claim. *Chelios v. Heavener*, 520 F.3d 678, 685-86 (7th Cir. 2008). Village Defendants argue that Chapman admits in his amended complaint in Paragraphs 28 and 55 that he was arrested based on a warrant. (V Mem. Dis. 9). The record before this court does not indicate that there is any such admission. Chapman alleges only that he was "advised" by Camp that there was a warrant and that Chapman was later "told" that he was being held on a warrant. (A. Compl. Par. 28, 55). Chapman asserts in his answer to Village Defendants' motion to dismiss that he was "purportedly arrested on a federal arrest warrant that neither exists in law or fact." (Ans. V Dis. 8). However, despite Chapman's contention that the Warrant does not exist, he attached a copy of the Warrant to his amended complaint and attached a document that referenced the Warrant, explaining that Chapman was being held because he was wanted on the Warrant. (A. Compl. Ex. A). The Warrant reflects that it was issued by a federal judge due to Chapman's failure to surrender for sentencing in a federal case. (P. Ex. B). We can consider such exhibits attached to the amended complaint in making a determination on a motion to dismiss. *See Massey v. Merrill Lynch &*

8

*Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006)(stating that a court can "consider the exhibits attached to a complaint, but, where an exhibit conflicts with the allegations of the complaint, the exhibit typically controls" and that "a plaintiff 'may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment'")(quoting in part *Centers v. Centennial Mortg., Inc.*, 398 F.3 930, 933 (7th Cir. 2005)).

Chapman also argues in his answer to the instant motion that the Warrant was invalid. In support of his position, Chapman points to a document attached to the complaint that was prepared by the Department and bears the title "Livescan correction form" ("Livescan Form"). (Compl. Ex. A); (Ans. V Dis. 11). Chapman points out that the Warrant is referenced on the document and at one point the words "not a warrant" are included. (Compl. Ex. A). However, the Livescan Form on its face merely purports to change the phrase "720 ILCS 5.0/21-2 Warrant #04 CR 307-1" to "720 ILCS 5.0/21-2" in order to correctly indicate that the criminal charge against Chapman was not a warrant. Nothing in the Livescan Form indicates that the Warrant, which is attached to Chapman's amended complaint was invalid. Chapman argues that whether the Warrant was a valid warrant cannot be decided at the motion to dismiss stage. While generally that would be true, in the instant action, Chapman has attached the Warrant to his complaint, and has acknowledged that he was informed that he was arrested pursuant to the Warrant. Even when liberally construing Chapman's *pro se* complaint and applying the notice pleading standard, we cannot discern that the allegations plausibly indicate that the Warrant was invalid.

9

Therefore, based on Chapman's own pleadings, it is apparent that Defendant Officers were acting pursuant to a federal arrest warrant and had probable cause to arrest Chapman. Defendant Officers were therefore reasonably relying on a finding of probable cause by a federal judge and the finding was not made by the Village or Defendant Officers. In regard to Chapman's false arrest claim against the Village Defendants, Chapman has failed to allege any wrongdoing by Village Defendants and has failed to state a valid false arrest claim against Village Defendants. *See Neiman v. Keane*, 232 F.3d 577, 579 (7th Cir. 2000)(stating that a "plaintiff cannot base a valid Fourth Amendment claim on an arrest made under a valid warrant").

Finally, although Chapman states initially in his answer to Village Defendants' motion to dismiss that he was arrested "without any arrest warrant whatsoever," (Ans. V Dis. 4), he further states in his answer that he is not bringing a false arrest claim and that Village Defendants have misunderstood Chapman to be bringing such a claim. (Ans. V Dis. 12). Chapman specifically states that he "is not making a false arrest claim," and that "[t]his lawsuit is not and has never been about a false arrest." (Ans. V Dis. 12). Therefore, we grant Village Defendants' motion to dismiss the Section 1983 false arrest claims against Village Defendants.

### D. Procedural Due Process Claims

Village Defendants argue that Chapman is barred from pursuing his procedural due process claims. Chapman alleges that his procedural due process claim is based upon his due process rights "prohibit[ting] incarceration without due

Therefore, based on Chapman's own pleadings, it is apparent that Defendant Officers were acting pursuant to a federal arrest warrant and had probable cause to arrest Chapman. Defendant Officers were therefore reasonably relying on a finding of probable cause by a federal judge and the finding was not made by the Village or Defendant Officers. In regard to Chapman's false arrest claim against the Village Defendants, Chapman has failed to allege any wrongdoing by Village Defendants and has failed to state a valid false arrest claim against Village Defendants. *See Neiman v. Keane*, 232 F.3d 577, 579 (7th Cir. 2000)(stating that a "plaintiff cannot base a valid Fourth Amendment claim on an arrest made under a valid warrant").

Finally, although Chapman states initially in his answer to Village Defendants' motion to dismiss that he was arrested "without any arrest warrant whatsoever," (Ans. V Dis. 4), he further states in his answer that he is not bringing a false arrest claim and that Village Defendants have misunderstood Chapman to be bringing such a claim. (Ans. V Dis. 12). Chapman specifically states that he "is not making a false arrest claim," and that "[t]his lawsuit is not and has never been about a false arrest." (Ans. V Dis. 12). Therefore, we grant Village Defendants' motion to dismiss the Section 1983 false arrest claims against Village Defendants.

### D. Procedural Due Process Claims

Village Defendants argue that Chapman is barred from pursuing his procedural due process claims. Chapman alleges that his procedural due process claim is based upon his due process rights "prohibit[ting] incarceration without due

process." (A. Compl. Par. 100). In regards to Chapman's incarceration, he has acknowledged that he was arrested based on a warrant, was accorded a probable cause hearing, and was accorded a trial. (A. Compl. Par. 57, 72, 75). Chapman does not allege any facts that would plausibly suggest that his due process rights were denied him in regard to his incarceration and has not provided Village Defendants with sufficient notice of the due process claims brought against them. Therefore, we grant Village Defendants' motion to dismiss the procedural due process claims brought against Village Defendants.

E. Substantive Due Process Claims

Village Defendants argue that Chapman cannot prevail on a substantive due process claims. A substantive due process claim is based on the concept that the Due Process Clause, "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)(cautioning against expanding the list of fundamental rights). In the instant action, Chapman has not indicated a fundamental right that has been denied to him other than that he was arrested and the Car was searched in violation of his Fourth Amendment rights. *See Brown v. City of Michigan City, Indiana*, 462 F.3d 720, 732 (7th Cir. 2006)(listing fundamental rights that have been recognized). Chapman already has constitutional protections to address his alleged deprivations, such as the Fourth Amendment protections. Thus, Chapman cannot

11

bring a substantive due process claim. *See McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)(indicating that "a substantive due process claim may not be maintained when a specific constitutional provision (here the Fourth Amendment) protects the right allegedly violated"). Therefore, we grant Village Defendants' motion to dismiss the substantive due process claims.

F. Claims Based on an Unlawful Search of the Car

Village Defendants argue that Chapman cannot prevail on a Fourth Amendment claim based on a search of the Car since the search was incident to the lawful arrest. A law enforcement officer, when arresting an individual can "conduct a vehicle search incident to arrest limited to the passenger compartment both to protect the officer and to preserve evidence." *United States v. Arnold*, 388 F.3d 237, 239-40 (7th Cir. 2004). In addition, there is an exception to the Fourth Amendment protections allowing for searches of an impounded vehicle after an arrest for inventory purposes. *United States v. Lozano*, 171 F.3d 1129, 1131 (7th Cir. 1999). In the instant action, Chapman admits that he was charged with the "possession of a stolen motor vehicle," and that he was convicted on the "vehicle charges." (A. Compl. Par. 56, 75). Chapman also acknowledges that he did not own the title to the Car. (A. Compl. Par. 52). Thus, Chapman has not shown that he had any Fourth Amendment interest relating to the Car search. *United States v. Sholola*, 124 F.3d 803, 816 (7th Cir. 1997). Therefore, we grant Village Defendants' motion to dismiss all claims based upon an unlawful search.

### G. Certain Allegations by Chapman

Village Defendants move to dismiss all claims based upon what Village Defendant deemed allegations that fail to state a claim. Specifically, Village Defendants point out that Chapman has alleged that Village Defendants caused his conviction; denied Chapman access to an attorney at trial; denied him access to an attorney while in the custody of the Illinois Department of Corrections; denied him medication while in prison; and denied him a vegetarian diet in prison. Village Defendants argue that such conduct was not within the scope of the individual Village Defendants' control since after Chapman's arrest he was transferred to the Cook County Jail and prosecuted by the Cook County State's Attorney's Office. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003)(stating that Section 1983 "lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim"). Chapman does allege in his complaint that beginning on June 8, 2005, he was held "in the Cook County Department of Corrections. . . ." (A. Compl. Par. 60). Chapman has not provided any facts to plausibly suggest any control by Village Defendants over his conditions or the prosecution of his case. Therefore, we grant Village Defendants' motion to dismiss the claims brought against the Village Defendants based on the above listed allegations.

### H. Conspiracy Claims

Village Defendants argue that the conspiracy claim must be dismissed. In view of the fact that we have found that Chapman has failed to state any Section 1983 claims, his section 1983 conspiracy claim must fail. Therefore, we grant Village Defendants' motion to dismiss the conspiracy claim.

### I. Equal Protection Claims

Village Defendants have filed a motion to dismiss the equal protection claims brought by Chapman. The Equal Protection Clause of the Fourteenth Amendment states that "'[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. In the instant action, Chapman's equal protection claims relate to his arrest, the search of the Car, and his subsequent detention and conviction. Chapman has not stated facts that indicate that actions of Village Defendants were unlawful relating to his arrest or that Village Defendants were responsible for any constitutional deprivations that he has claimed. Therefore, we grant Village Defendants' motion to dismiss the equal protection claims.

### J. Section 1983 *Monell* Claim

The Village Defendants contend that Chapman has failed to include sufficient allegations to state a *Monell* claim against the Village and that Chapman thus cannot pursue a Section 1983 claim against the Village. A municipality can be held liable

under Section 1983 for an injury only "'when execution of a government's policy or custom . . . inflicts the injury.'" *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008)(quoting *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). A plaintiff can establish a Section 1983 *Monell* claim "through: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *In re Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007). Village Defendants argue that Chapman has failed to allege sufficient facts that show that the alleged misconduct was the result of a municipal policy. Village Defendants contend that Chapman has provided only general allegations that are not sufficient to state a claim. Chapman alleges conclusions relating to Village policy or custom and has not alleged any facts relating to any policy or custom of the Village. In addition, Chapman has failed to allege facts that indicate that Defendant Officers engaged in any constitutional violations. Thus, Chapman has not shown that any of his constitutional rights were violated by Village Defendants or that there was a Village policy or custom that caused any constitutional violations. Therefore, we grant Village Defendants' motion to dismiss the *Monell* claim.

### K. Punitive Damages Award against the Village

Village Defendants argue that Chapman is precluded from recovering punitive

damages against the Village. A plaintiff cannot recover punitive damages from a municipality on a Section 1983 claim except that "a state indemnity statute may waive municipal immunity for punitive damages." *Graham v. Sauk Prairie Police Com'n*, 915 F.2d 1085, 1090 (7th Cir. 1990). Pursuant to 745 ILCS 10/2-102, "a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." 745 ILCS 10/2-102. Chapman fails to provide any legal basis for seeking punitive damages against the Village, and therefore, we grant Village Defendants' motion to dismiss the complaint to the extent that Chapman seeks punitive damages against the Village.

II. Motor Werks Defendants

Motor Werks Defendants move to dismiss all claims brought against them. As stated above, we have found that Chapman has failed to allege facts that indicate that his arrest, the search of the Car, and subsequent detention by the Village Defendants violated any of Chapman's constitutional rights. Therefore, we grant Motor Werks Defendants' motion to dismiss the Section 1983 claims.

III. Remaining State Claims

In light of the fact that we have dismissed all of the federal claims, we must determine whether the court should exercise supplemental jurisdiction over the remaining state claims. The Seventh Circuit has stated that where a court dismisses a

federal claim and the sole basis for invoking federal jurisdiction is now nonexistent, that court should not exercise supplemental jurisdiction over remaining state law claims. *Williams v. Aztar Indiana Gaming Corp.,* 351 F.3d 294, 300 (7th Cir. 2003)(stating that if there is a dismissal of the original jurisdiction claim and only a supplemental jurisdiction claim remains "the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims."); *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial, the pendent claims should be left to the state courts."); *Timm v. Mead Corp.,* 32 F.3d 273, 277 (7th Cir.1994)(stating that in exercising discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources"). We have granted Defendants' motions to dismiss all of the Section 1983 claims and only state claims remain. We conclude after considering the relevant factors and in our discretion that the court should not exercise supplemental jurisdiction over the remaining state claim and we dismiss the state claims without prejudice.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motions to dismiss the federal claims in their entirety. We also decline to exercise supplemental jurisdiction over the state claims and dismiss the remaining state claims without prejudice.

```
                              _____
                              Samuel Der-Yeghiayan
                              United States District Court Judge
```

Dated: October 1, 2008